

NUMBER 13-12-00520-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ALFREDO PEREZ,**                                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

---

## On appeal from the 24th District Court
## of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant, Alfredo Perez, appeals his conviction for engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02 (West Supp. 2011). We affirm.

## I. BACKGROUND

Appellant was indicted and pled guilty to one count of engaging in organized criminal activity. *See id.* The trial court found appellant guilty and assessed a 17-year prison term. This appeal ensued.

## II. ANALYSIS

In one issue, appellant argues that the trial court violated his constitutional rights by imposing an excessive sentence that was disproportionate to the gravity of the offense.

### A. Applicable Law

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. Even though within the range permitted by law, a sentence may nonetheless be disproportionate to the gravity of the offense. *See Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006).

To preserve error for appellate review, the complaining party must present a timely and specific objection to the trial court, and obtain a ruling. TEX. R. APP. P. 33.1(a). A party's failure to specifically object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion waives any error for the purposes of appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant

must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.").

## B. Discussion

Having reviewed the record, we note that appellant did not object to an alleged disproportionate or cruel and unusual sentence in the trial court or in a post-trial motion. Accordingly, appellant has waived any error for purposes of appellate review. *See Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151. Appellant's issue is overruled.

## III. CONCLUSION

The judgment of the trial court is affirmed.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of March, 2013.

3